RECEIVED
DC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE __10_/_26_/_05_
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Darryl C. Gillard | DOCKET NO. 1:05 cv 1289 |
| | SECTION P |
| VS. | JUDGE DRELL |
| Hardy Chain, ET AL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a Bivens complaint filed by *pro se* Plaintiff, **Darryl C. Gillard** ("Plaintiff").[1] Plaintiff is currently confined at United States Penitentiary Victorville in Adelanto, Ca. He was granted leave to proceed *in forma pauperis* on August 8, 2005. [Rec. Doc. 3].

The instant matter was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636 and a standing order of this Court.

---

[1] Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed. 2d 619, (1971). Bivens affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The Bivens decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. See, Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999)(A Bivens action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal officers.)(citing Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n. 14 (5th Cir. 1993)).

1

**STATEMENT OF CLAIM**

On September 12, 2002, Plaintiff was placed in administrative Detention at USP Pollock for allegedly posting a sign encouraging other inmates to refuse to work or to participate in a work stoppage. [doc. 1 pg. 3] Plaintiff was subsequently exonerated of the charges and the incident was expunged from his record. Plaintiff asserts the initial report by L.T. Johnson was done with malicious intent against him in "retaliation for exercising his First Amendment Right to Free Speech" for filing grievances about working conditions in Unicor [doc. 1 pg. 6]. Plaintiff wants back pay for loss of Unicor job and for time wrongfully spent in special housing as a result of the alleged false incident report.

**I. FRIVOLITY REVIEW**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990); <u>Green v. Mckaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining whether a cause of action exists. *See*, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993); <u>Denton v. Herndandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d

340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**LAW AND ANALYSIS**

In order to state a Constitutional claim for either a substantive or procedural due process violation, the plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000); *accord* Sandin v. Conner, 515 U.S. 472, 481-83, 132 L.Ed.2d 418, 115 S.Ct 2293 (1995)(liberty interest); Bryan v. City of Madison, 213 F.3d 267, 274 (5th Cir. 2000), cert. denied, 148 L.Ed. 2d 957, 121 S.Ct. 1081 (2001)(property interest). "While no State may deprive any person of life, liberty or property, without due process of law, it is well-settled that only a limited range of interests fall within this provision. Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States." Hewitt v.Helms, 459 U.S. 460, 466, 74 L.Ed.2d 675, 103 S.Ct. 864 (1983).

4

Here, Plaintiff is claiming he has a property interest in the loss of his Unicor job and should be entitled to receive "back pay". In <u>Bulger v. U.S. Bureau of Prisons</u> 65 F. 3d 48, (5th Cir. 1995), Federal prisoner brought damages suit alleging that Due Process was violated when he was removed from his Unicor prison job. The United States District Court for the Eastern District of Texas dismissed suit for failure to state claim. Prisoner appealed. The Court of Appeals held that prisoner had no liberty or property interest in job assignment. Prisoner classification and eligibility for rehabilitations programs in federal prisons are not directly subject to "due process" protections. *Moody v. Daggett*, 429 U.S. 78,88 n. 9, 97 S. Ct. 274, 279n. 9, 50 L. Ed 2d 236 (1976). Furthermore, prisoners have no constitutionally protected liberty or property interest per se in their prison job assignments. Jackson v. Cain, 864 F. 2d 1235, 1250 ( 5th Cir. 1989). In Hewitt v. Helms, 459 U.S. 460, 471-72, 103 S. Ct. 864, 871-72, 74 L. Ed 2d 675 (1983), the court focused on the discipline imposed and determined that the defendant's confinement to disciplinary segregation for a period of thirty days did not **"present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."**

For the above reasons,

  **IT IS RECOMMENDED** that this action should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

5

Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
**UNITED STATES MAGISTRATE JUDGE**